Rob Bonta
Attorney General of California
R. Lawrence Bragg
Supervising Deputy Attorney General
Cassandra J. Shryock
Supervising Deputy Attorney General
State Bar No. 300360
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3622
  Fax:  (415) 703-5843
  E-mail:  Cassandra.Shryock@doj.ca.gov
*Attorneys for Defendants*
*K. Stanton and B. Roberts*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DANIEL SALDANA,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL DONOVAN, et al.,**<br><br>Defendants. | 2:24-cv-00895-DSF-AJR<br><br>**DECLARATION OF COUNSEL SUPPORTING DEFENDANTS'** *EX PARTE* **APPLICATION TO MODIFY THE SCHEDULING ORDER TO EXTEND EXPERT WITNESS DISCLOSURE AND DISCOVERY DEADLINES**<br><br>Judge:         The Honorable Dale S. Fischer<br>Trial Date:   July 28, 2026<br>Action Filed: 2/01/2024 |

I, Cassandra J. Shryock, declare and state:

1. I have personal knowledge of the facts described in this declaration and, if called to testify, would and could testify competently to those facts.

2. I am a Supervising Deputy Attorney General in the Correctional Law Section of the California Attorney General's Office. I am admitted to practice law in the State of California and before this Court. I represent Defendants Roberts and Stanton in this case. I submit this declaration in support of Defendants' *ex parte*

application to modify the scheduling order to extend expert disclosure and discovery and the *Daubert* motion hearing deadline.

3. The deadline for initial expert disclosures was June 2, 2025, and rebuttal disclosures were due July 7, 2025. (ECF No. 62.)

4. Defendants Roberts and Stanton timely served their initial and rebuttal expert disclosures.

5. Plaintiff timely designated four experts in his initial expert disclosures, but did not disclose any rebuttal experts. Two of Plaintiff's experts will offer testimony related to Plaintiff's mental health, and two experts will offer testimony related to police practices and the BPPD Defendants' responsibility for Plaintiff's wrongful incarceration.

6. The expert discovery cut-off was August 4, 2025. (ECF No. 62.) Before the expert discovery cut-off, and while the BPPD Defendants were still parties to the case, Defendants' and Plaintiff's counsel agreed to postpone expert depositions until after the Court ruled on Defendants' summary-judgment motion, to conserve party resources. Specifically, the parties agreed to postpone the depositions of Defendants' two experts, and Plaintiff's two mental health experts. This was later memorialized in the parties' Joint Proposal for Trial Dates. (ECF No. 116-1 at 1, n.2 ("Plaintiff and Defendants Roberts and Stanton have agreed that they may take the depositions of the other party's experts by February 13, 2026.").)

7. At the time the agreement was reached the BPPD Defendants were still in the case, so it was probable that police practices experts would be deposed by BPPD. Further, defense counsel anticipated those experts would be called by Plaintiff to testify at trial.

8. After expert discovery closed, the BPPD Defendants reached a settlement with Plaintiff and were dismissed from this action.

9. On January 20, 2026, the Court granted in-part and denied in-part Defendants' summary-judgment motion. (ECF No. 139.) The court entered

judgment in Defendants' favor on the Section 1983 claim and now, only Plaintiff's state-law causes of action remain.

10. The next day, January 21, 2026, defense counsel orally requested the deposition availability for Plaintiff's two mental health experts. And on January 23, 2026, defense counsel requested in writing the deposition availability for all four of Plaintiff's experts, including his police practices experts.

11. Plaintiff's counsel did not provide deposition availability for their two mental health experts until February 4, 2026. One expert is available the week of February 23, 2026. But the other expert—Dr. Agharkar—is not available until March 19, 2026, at the earliest, and is potentially unavailable until March 26, 2026, due to a conflicting trial. Neither expert is available before the agreed-upon February 13, 2026 deadline to complete expert depositions. And the last day to file *Daubert* motions is March 23, 2026. If Dr. Agharkar cannot be deposed until March 26, 2026, it will be impossible to meet the *Daubert* motion deadline. Even if they can be deposed on March 19, 2026, I will have insufficient time to obtain and review the deposition transcript and prepare a motion by the deadline.

12. Plaintiff's counsel opposes Defendants' request to depose Plaintiff's two police practices experts. And Plaintiff's counsel has advised that they no longer intend to call those experts at trial. Defense counsel met and conferred with Plaintiff's counsel, Ms. Green and Ms. Paras, by e-mail from January 23 through February 5, 2026, and with Ms. Green by telephone on January 29, 2026. Throughout the meet and confer process, defense counsel provided legal authority that they are entitled to depose these experts.

13. During the meet and confer process, Defendants learned that Plaintiff's counsel also objects to Defendants calling the police practices experts at trial. Defendants were not aware of Plaintiff's objection until January 29, 2026.

14. The parties intend to reach out to Magistrate Judge Richlin for an informal discovery conference about the depositions of Plaintiff's police practices

1  experts, and will note that expert discovery is formally closed.  I do not believe a
2  conference can proceed because expert discovery is formally closed.  Further, in the
3  event the depositions are ordered, additional time would be needed to complete the
4  depositions, beyond the previously agreed upon February 13, 2026 deadline.

5  15. Defendants are producing their parole expert for deposition on February
6  10, 2026, which is within the time outlined by the parties' agreement.  Plaintiff has
7  not requested to depose Defendants' rebuttal expert.

8  16. The depositions of Plaintiff's police practices experts are essential to
9  Defendants Roberts and Stanton being able to obtain relevant testimony about other
10 individual tortfeasor's responsibility for Plaintiff's injuries.  This is an affirmative
11 defense.  Cal. Code Civ. Proc. § 1431.2.  Defendants pleaded in their answer that
12 they were not liable for the acts or omissions of others (ECF No. 66 at 16, ¶ 7), and
13 have requested to meet and confer with Plaintiff's counsel about Defendants'
14 anticipated motion to amend their answer to explicitly plead California Code of
15 Civil Procedure § 1431.2 as an affirmative defense.

16  17. The requested extension will not impact any other pre-trial or trial dates,
17 or delay the action.  *Daubert* motions would be heard before trial documents
18 become due.

19  18. Defendants seek this *ex parte* relief so that these issues can be resolved
20 expeditiously, and not impact other upcoming pre-trial and trial dates.  If the
21 requested relief is granted, Defendants do not foresee the need to alter any other
22 dates.

23  19. In fact, on February 5, 2026, Plaintiff's counsel informed me that
24 Plaintiff does not "oppose a motion hearing date of Monday, May 18, 2026, <u>only</u>
25 for a *Daubert* motion regarding [Plaintiff's expert] Dr. Agharkar's opinion if it does
26 not affect the Court's trial schedule."

27  20. Plaintiff opposes all other aspects of Defendants' application.
28

21. Defendants are seeking an extension promptly after receiving Plaintiff's expert deposition availability, and in good faith.

22. Because Plaintiff has now informed defense counsel that he objects to Defendants calling his expert witnesses at trial, Defendants seek leave to amend their expert disclosures, *nunc pro tunc*, to add Plaintiff's police practices experts as Defendants' non-retained experts. No other changes to disclosures would be made. Attached as **Exhibit A** is a copy of Defendants' proposed amended expert disclosure.

23. Defendants delayed in bringing this request only because it was not apparent they would need to call these witnesses until after the BPPD Defendants' settlement, the Court's summary-judgment order, and Plaintiff's objection to Defendants' calling his experts at trial. And the testimony of these experts is relevant to one of Defendants' defenses at trial: that they are not wholly responsible for Plaintiff's noneconomic damages. Defendants' request is made in good faith.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States. Executed on February 6, 2026 at Oakland, California.

*/s/ Cassandra J. Shryock*
Cassandra J. Shryock

LA2024400472
44955461.docx